# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KATHERINE MOGAL,<br>Defendant. | Case No. 18-cr-00259-BLF-1<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL AND FOR IN CAMERA REVIEW**<br><br>[Re: ECF 29] |

Before the Court is Defendant Katherine Mogal's ("Mogal") administrative motion to file under seal and for in camera review of certain confidential waivers of attorney conflicts executed by her and each of her co-defendants in this matter ("Confidential Waivers"), which are attached as exhibits to Mogal's declaration in support of her opposition to the government's motion to disqualify her attorney. *See* ECF 29 ("Mot."). Neither the government nor any co-defendants oppose the motion. Because Mogal establishes that all of the documents are protected by the attorney-client privilege and are thus sealable, the administrative motion is GRANTED.

## I. LEGAL STANDARD

The public and the press have a presumed right of access "to criminal proceedings and documents filed therein." *CBS, Inc. v. U.S. Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985). The right of access is grounded in the First Amendment and in common law and extends to documents filed in pretrial proceedings as well as in the trial itself. *Id.*

The Ninth Circuit has explained that there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir.

2010) (a motion to seal documents which are part of the judicial record is governed by the "compelling reasons standard"). A party seeking to seal court proceedings or documents can overcome the presumed right of public access under the First Amendment "only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990). The sealing party bears the burden of meeting the "compelling reasons standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Criminal Local Rule 56-1, which governs the filing of documents under seal in criminal cases in this district, provides in relevant part:

> [N]o document may be filed under seal (*i.e.*, closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that a document is sealable because, for example, the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document. The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Crim. L.R. 56-1(c).

Crim. L.R. 56-1(b).

Under Criminal Local Rule 56-1(c), a party seeking to file a document, or portions thereof, under seal must "[f]ile and serve . . . an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7–11. The administrative motion must additionally include a declaration establishing that the document or portions of the document the submitting party seeks to file under seal are sealable, a narrowly-tailored proposed order indicating the material to be sealed, and both a redacted and unredacted version of the documents to be sealed.[1] Crim. L.R. 56-1(c)(2).

## II. DISCUSSION

Mogal argues that there are compelling reasons to seal and review in camera the confidential waivers because they are protected by the attorney-client privilege. Mot. 2–4. The Court agrees that the attorney-client privilege provides compelling reasons to seal documents. *See*

---

[1] However the submitting party need not submit a redacted document if it seeks to seal the entirety of the document. Crim. L.R. 56-1(c)(2)(C).

2

*In re Hewlett-Packard Co. S'holder Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (affirming finding of compelling reasons based, in part, on attorney-client privilege); *Guidiville Rancheria of Cal. v. United States*, No. 12-cv-1326, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013). Mogal seeks to seal three groups of waivers: (1) 2015 Engagement Letters, *see* Thompson Decl. ISO Opp. ("Thompson Opp. Decl."), ECF 29-3, Exhs. L–Q; (2) 2017 Waiver Letters, *see id.*, Exhs. R–V; and (3) 2018 Waiver Letters, *see id.*, Exhs. A–F. The Court discusses the application of the privilege to each group in turn.

The 2015 Engagement Letters (Thompson Opp. Decl., Exhs. L–Q) are a group of six signed attorney engagement letters, wherein each defendant, including Mogal, agreed to have Mogal's counsel here Orrick, Herrington, & Suttcliffe LLP ("Orrick") jointly represent them in a state court action involving misappropriation of the same secrets as are at issue in this case. *See* ECF 30 at 3. These engagement letters were confidential communications between client and attorney that contain legal advice, including implicit reference to the clients' motivations in seeking representation and the co-defense litigation strategy. *See Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Accordingly, they are protected by the attorney-client privilege and may be filed under seal.

The same is true of the 2017 Waiver Letters (Thompson Opp. Decl., Exhs. R–V). In 2017, the government informed Orrick that at least two defendants were targets of a Grand Jury investigation. ECF 30 at 4. As a result, Orrick secured the 2017 Waiver Letters from each defendant (except Ana Rosario) while it continued to jointly represent them. *Id.* Like the engagement letters, these Waiver Letters are protected by the attorney-client privilege and may be filed under seal.

Finally, the 2018 Waiver Letters (Thompson Opp. Decl., Exhs. A–F) are similar to the 2017 Letters, but include this litigation in the waiver terms. Each defendant signed a waiver, but only Mogal was represented by Orrick at the time of signing. Because Orrick represents her, Mogal's 2018 Waiver Letter, like her 2017 Waiver Letter, is protected by the privilege and thus sealable. *Id.*, Exh. A. Likewise, even though Orrick did not represent Mogal's co-defendants at the time of their signing the 2018 Waiver Letters, those Letters are related to Orrick's prior

representation of those defendants, and thus are also protected by the privilege.  There does not appear to be an argument that that privilege has been waived.  Accordingly, the 2018 Waiver Letters may be sealed.

## III. CONCLUSION

For the foregoing reason, Mogal's administrative motion to file under seal is GRANTED. The following documents are properly under seal with the Court, and need not be e-filed, as set forth in Crim. L.R. 56-1(a):  Thompson Opp. Decl., Exhs. A–F, L–Q, R–V.

**IT IS SO ORDERED.**

Dated: September 11, 2018

BETH LABSON FREEMAN
United States District Judge