UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KATHERINE MOGAL, et al.,<br>Defendant. | Case No. 18-cr-00259-BLF-1<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL; VACATING DECEMBER 11, 2018 HEARING**<br><br>[Re: ECF 42, 45, 48] |

Before the Court are Defendant Jing Qui Weiden's motions to seal exhibits attached to her motion to dismiss and reply in support thereof (ECF 42, 48), and the government's motion to seal an exhibit attached to its opposition to Weiden's motion to dismiss (ECF 45). For the reasons discussed below, the Court GRANTS each motion to seal. The December 11, 2018 hearing on the government's motion to seal is hereby VACATED.

### I. LEGAL STANDARD

Criminal Local Rule 56-1, which governs the filing of documents under seal in criminal cases in this district, provides in relevant part:

> [N]o document may be filed under seal (*i.e.*, closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that a document is sealable because, for example, the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document. The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Crim. L.R. 56-1(c).

Crim. L.R. 56-1(b).

Under Criminal Local Rule 56-1(c), a party seeking to file a document, or portions thereof, under seal must "[f]ile and serve . . . an Administrative Motion to File Under Seal, in conformance

with Civil L.R. 7–11. Crim. L.R. 56-1(c)(1). The administrative motion must additionally include a declaration establishing that the document or portions of the document the submitting party seeks to file under seal are sealable, a narrowly-tailored proposed order indicating the material to be sealed, and both a redacted and unredacted version of the documents to be sealed.[1] Crim. L.R. 56-1(c)(2).

The public and the press have a presumed right of access "to criminal proceedings and documents filed therein." *CBS, Inc. v. U.S. Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985). The right of access is grounded in the First Amendment and in common law and extends to documents filed in pretrial proceedings as well as in the trial itself. *Id.*

The Ninth Circuit has explained that there is a "strong presumption in favor of access to court records" in both civil and criminal actions, which can only be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (a motion to seal documents which are part of the judicial record is governed by the "compelling reasons standard"). A party seeking to seal court proceedings or documents can overcome the presumed right of public access under the First Amendment "only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. U.S. Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990). The sealing party bears the burden of meeting the "compelling reasons standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**II. DISCUSSION**

Weiden seeks to file under seal the following three documents, in their entireties: (1) Exhibit 1 to the Cohen Decl. ISO Weiden's Motion to Dismiss, which is the Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bonding by

---

[1] However the submitting party need not submit a redacted document if it seeks to seal the entirety of the document. Crim. L.R. 56-1(c)(2)(C).

2

1 Administrative Law Judge Dee Lord of the International Trade Commission ("ITC"), issued

2 August 23, 2016 ("ITC Decision"), ECF 42; (2) Exhibit A to the Cohen Decl. ISO Weiden's

3 Motion to Dismiss Reply, which is Weiden's Direct Witness Statement in ITC Investigation No.

4 337-TA-963, filed April 8, 2016 ("ITC Statement"), ECF 48; and (3) Exhibit B to the Cohen Decl.

5 ISO Weiden's Motion to Dismiss Reply, which is the transcript of Weiden's live testimony at the

6 ITC hearing for Investigation No. 337-TA-963, on May 10, 2016 ("Live Testimony"), ECF 48.

7 The government seeks to file under seal a set of emails between Jawbone employees, including

8 Weiden, regarding various aspects of Jawbone's business ("Jawbone emails"), ECF 45. The Court

9 discusses each document in turn.

### A. The ITC Decision

Weiden believes the ITC Decision must be filed under seal because Administrative Law Judge Lord designated the Decision as confidential under the protective order in place in the ITC case. *See* Cohen Decl. ISO Seal Mot., Exh. A ("Protective Order"), ECF 42-1. The ITC later issued a redacted, public version of this Decision based on submissions from the parties detailing the information in the Decision they believed to be confidential. *See id.*, Exh. B ("Public ITC Decision"). Likewise, a San Francisco Superior Court has granted a motion to seal the ITC Decision based on the confidential business information contained therein. *See id.*, Exh. D. The Court finds that the information redacted from the ITC Decision is confidential and sensitive business information, the disclosure of which could harm the businesses who own this proprietary information. The ITC came to the same conclusion and redacted this information. Thus, there are compelling reasons to file under seal the redacted portions of the ITC Decision. Accordingly, Weiden's motion to seal at ECF 42 is GRANTED. Because the Public ITC decision was filed publicly (ECF 42-1, Exh. B), no further action is required.

### B. Weiden's ITC Statement and Live Testimony

Weiden seeks to file under seal her ITC Statement and Live Testimony because they contain confidential business information and are subject to protective orders in the following cases: (1) Investigation No. 337-TA-963, In the Matter of CERTAIN ACTIVITY TRACKING DEVICES, SYSTEMS, AND COMPONENTS THEREOF (ITC), Cohen Decl., Ex. A; (2)

*Aliphcom, Inc. v. Fitbit, Inc.*, No. CGC-15-546004 (San Francisco Superior Ct. July 14, 2015), Cohen Decl. ISO Seal Mot. No. 2, Ex. 1, ECF 48-1; and (3) this action, ECF 28. *See* ECF 48. The Court finds that the information contained in Weiden's Statement and Testimony is confidential and sensitive business information, the disclosure of which could harm the businesses who own this proprietary information. Thus, there are compelling reasons to file under seal these documents. Accordingly, Weiden's motion to seal at ECF 48 is GRANTED. No further action is required.

### C. Jawbone Emails

The government seeks to file under seal a set of email exchanges between various Jawbone employees, including Weiden, and third parties. The government notes that these documents potentially contain confidential material related to third parties and trade secret information. *See* Govt. Mot. at 1–2, ECF 45. The Court has reviewed the emails in depth and finds that they include sensitive, confidential business information, the disclosure of which may competitively harm the third parties participating in the emails. Though Jawbone is no longer in business, the Court cannot conclude that these third parties will not suffer harm from the release of this information. Likewise, such information may relate to Fitbit's confidential business information. As such, compelling reasons exist to seal the documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1224–26 (Fed. Cir. 2013) (district court abused discretion by not sealing portions of documents containing sensitive financial information under the compelling reasons standard).

Accordingly, the Court GRANTS the government's motion at ECF 45. No further action is required.

### III. ORDER

For the foregoing reasons, the sealing motions at ECF 42, 45, and 48 are GRANTED.

**IT IS SO ORDERED.**

Dated: December 4, 2018

_____
BETH LABSON FREEMAN
United States District Judge