1  WALTER F. BROWN (SBN 130248)
   wbrown@orrick.com
2  MELINDA HAAG (SBN 132612)
   mhaag@orrick.com
3  RANDALL S. LUSKEY (SBN 240915)
   rluskey@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, California  94105-2669
6  Telephone:     +1-415-773-5700
   Facsimile:     +1-415-773-5759
7
   Attorneys for Defendant
8  KATHERINE MOGAL

9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                     SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,          Case No. 18-CR-00259-BLF

15              Plaintiff,             **DEFENDANT KATHERINE
                                       MOGAL'S MOTION FOR LEAVE TO
16        v.                           FILE MOTION TO DISMISS THE
                                       INDICTMENT**
17  KATHERINE MOGAL, et al.,
                                       Date:    December 20, 2019
18              Defendant.             Time:    9:00 a.m.
                                       Ctrm:    3
19                                     Court:   Hon. Beth L. Freeman

20

21

22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 20, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Beth L. Freeman, Defendant Katherine Mogal will and hereby does move this Court for an order granting her leave to file her Motion to Dismiss the Indictment.   This motion is based on the Federal Rules of Criminal Procedure, the accompanying memorandum of points and authorities, the files and records in this matter, and upon such further argument and evidence as may be presented prior to and during the hearing.

Dated: December 6, 2019                Respectfully submitted,

                                       ORRICK, HERRINGTON & SUTCLIFFE LLP


                                       By:  _____/s/ Walter F. Brown_____
                                                   WALTER F. BROWN

                                       Attorneys for Defendant
                                       KATHERINE MOGAL

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendant Katherine Mogal ("Ms. Mogal") respectfully requests leave to file her Motion to Dismiss the Indictment under Federal Rule of Criminal Procedure 12(c)(3) ("Motion to Dismiss"), in light of the fact that the Court's deadline for dispositive motions has passed.  Ms. Mogal's Motion to Dismiss is based on false testimony presented to the grand jury and raises significant constitutional violations.  Ms. Mogal could not have filed her Motion to Dismiss by the Court's deadline because the government did not produce to Ms. Mogal the grand jury testimony that is the subject of her motion until after the filing deadline assigned by the Court for dispositive motions.  Upon receipt of the grand jury testimony, counsel for Ms. Mogal immediately began reviewing the voluminous transcripts, considering and investigating the factual issues set forth in Ms. Mogal's Motion to Dismiss, and ultimately began preparing Ms. Mogal's Motion to Dismiss.  Accordingly, good cause exists to grant Ms. Mogal leave to file her Motion to Dismiss.

## II.    FACTUAL BACKGROUND

On April 1, 2019, the Court set Ms. Mogal's trial for January 21, 2020.  Dkt. 77.  The Court set the final Pre-Trial Conference for December 20, 2019, and set October 17, 2019, as the last day to hear dispositive motions.  *Id.*  The filing deadline for dispositive motions was October 3, 2019.

On October 8, 2019, the government field a Motion for *Ex Parte* Application for an Order Releasing the Grand Jury Transcripts of witnesses the government may call at trial.  Dkt. 110.  The Court granted the government's application permitting the release of the grand jury transcripts on October 10, 2019.  Dkt. 111.  The government supplied counsel for Ms. Mogal with the grand jury testimony on October 15, 2019.  Declaration of Randy Luskey in Support of Defendant Mogal's Motion for Leave to File Motion to Dismiss ("Luskey Decl."), Exhibit A.

## III.    ARGUMENT

At any time before trial, the Court may extend or reset the deadline for pretrial motions.  Fed. R. Crim. P. 12(c)(2).  If a party does not meet the deadline for a Rule 12(b)(3) motion, the court may consider the defense, objection, or request if the party shows good cause.  Fed. R. Crim. P. 12(c)(3).  Criminal Local Rule 12-1, which governs pre-trial motions in criminal cases in this

district, provides that all defenses, objections or requests must be raised by pretrial motion before the deadline set by the assigned Judge "[u]nless good cause is shown." Crim. L.R. 12-1. "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d); *United States v. Nochez*, No. CR 08-0730 WHA, 2010 WL 235077, at *3 (N.D. Cal. Jan. 21, 2010). "[A]ll motions in criminal cases shall be filed, served and noticed in writing for hearing not less than 14 days after service of the motion." Crim. L.R. 47-2(a).

Good cause exists to grant Ms. Mogal leave to file her Motion to Dismiss under Federal Rule of Criminal Procedure 12(b)(3) and Criminal Local Rule 12-1. Ms. Mogal's Motion to Dismiss is premised on the presentation of false and materially misleading testimony to the grand jury. However, the government did not produce the grand jury transcripts in this case to Ms. Mogal until after the deadline set by the Court to file dispositive motions. Luskey Decl. at ¶ 3; *see also United States v. Kaplan*, 554 F.2d 958, 970 n.7 (9th Cir. 1977) (appellant's failure to argue in motion to dismiss the prosecutor failed to present exculpatory evidence to the grand jury "excusable because he did not receive a transcript of the relevant grand jury proceedings until midway through the trial"). Immediately upon receipt of the grand jury testimony, counsel for Ms. Mogal began diligently reviewing the voluminous transcripts. Luskey Decl. at ¶ 4. Counsel had to consider and investigate the factual issues raised by the testimony in question. *Id.* This involved verifying facts and records relating to a prior civil litigation and confirming information with witnesses and third parties. *Id.* Once it became clear that false testimony had indisputably been presented to the grand jury, the government knew or should have known that it had elicited such false testimony, and such testimony was material and unfairly prejudicial to Ms. Mogal, counsel promptly began preparing Ms. Mogal's Motion to Dismiss. *Id.* Moreover, in light of the significant constitutional violations raised in Ms. Mogal's Motion to Dismiss, the Court should grant her leave to file the Motion.

In conformance with Criminal Local Rule 47-2(a), Ms. Mogal's Motion to Dismiss was filed, served and noticed for hearing exactly 14 days after service of the Motion.

For the reasons set forth hereto and in the supporting Declaration of Randy Luskey filed concurrently herewith, good cause exists to grant Ms. Mogal leave to file her Motion to Dismiss.

1

**IV.     CONCLUSION**

2          For the foregoing reasons, Ms. Mogal respectfully requests that the Court grant her leave to

3   file her Motion to Dismiss and order that her Motion to Dismiss is deemed filed as of the date of

4   the instant motion.

5

6   Dated: December 6, 2019                    ORRICK, HERRINGTON & SUTCLIFFE LLP

7
                                               By:    _____*/s/ Walter F. Brown*_____
8                                                          WALTER F. BROWN

9                                                     Attorneys for Defendant
                                                      KATHERINE MOGAL
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MOGAL'S MOTION FOR LEAVE TO FILE
                                               MOTION TO DISMISS, CASE NO. 18-CR-00259-BLF