DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
SUSAN F. KNIGHT (CABN 209013)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5061
FAX: (408) 535-5066
Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE MOGAL,<br><br>Defendant. | **CASE NO. CR 18-00259-BLF**<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS THE INDICTMENT**<br><br>Hearing Date: December 20, 2019<br>Hearing Time: 9:00 a.m.<br>Trial Date: January 21, 2020<br><br>Hon. Beth Labson Freeman |

The United States of America, by and through the undersigned counsel, hereby responds to the Defendant's Motion for Leave to File Motion to Dismiss Indictment, filed on December 7, 2019, as required by this Court's Order dated December 9, 2019, with regard to whether the case schedule should be changed. The government makes the following points in support of its opposition:

1.  The proposed underlying motion to dismiss the indictment is based on an alleged misstatement made by two government agents during testimony in front of the grand jury. [*See* Docket No. 144-3.] The government provided the transcripts of the agent's grand jury testimony to all

1  defendants on Tuesday, October 15, 2019, following the Court's Order on Thursday, October 10, 2019,
2  granting the government's *ex parte* application to unseal, pursuant to the Jenks Act, filed on Tuesday,
3  October 8, 2019.  [*See* Docket Nos. 144-1, exhibit A (Letter from Government counsel, dated October
4  15, 2019); No. 111 (signed Order Releasing GJ Transcripts); No. 110 (Government's Ex Parte
5  Application).]  Thus, the transcripts were turned over more than 90 days prior to the date set for
6  defendant's trial to begin and over seven weeks prior to the filing on the instant motion for leave to file.

7   2.   On April 1, 2019, the Court set October 17, 2019, as the last day to hear dispositive
8  motions in this case. [*See* Minute Order of April 1, 2019 Hearing, Docket No. 77.]  None of the six
9  defendants filed any motions for hearing on that date.  Neither did any of the defendants make any
10 statements on the record at the October 17, 2019 hearing, noting the recent receipt of the grand jury
11 transcripts or concerns for potentially needing another date for dispositive motions.

12   3.   The testimony upon which the defendant appears to base the allegation of a misstatement
13 to the grand jury is primarily contained in the 55-page transcript and 25-page power point presentation
14 attached as an exhibit to the testimony of Special Agent Jason Englebertson, dated September 21, 2017.
15 [*See* Docket No. 144-3, at pp. 4-6.]  The defendant further refers to the testimony of Special Agent
16 Waseem Iqbal, who testified three separate times in front of the grand jury, as "compounding" the
17 misstatement from SA Englebertson: first, on June 29, 2017, resulting in a 40-page transcript with a 19-
18 page power point presentation attached; second on May 31, 2018, resulting in a 35-page transcript; and
19 finally on June 14, 2018, resulting in an 18-page transcript, with a 22-page power point presentation
20 attached as an exhibit.

21   4.   With these four transcripts (totaling approximately 215 pages), and several non-agent
22 transcripts, the grand total of pages which defendant claims to be the "voluminous" grand jury material
23 produced on October 15, 2019, is less than 500 pages, including approximately 120 pages of exhibits.

24   5.   The nature of the defendant's proffered motion to dismiss supports the government being
25 provided adequate time to respond.  The allegations, as the government understands them, involve the
26 government knowingly presenting false information to the grand jury in order to secure an indictment
27 against this defendant.  These are serious claims, and the government takes them seriously.  They are
28 also demonstrably meritless claims. The government should not be deprived of adequate time to respond

U.S. RESP. TO MTN FOR LEAVE TO FILE                   2
CR 18-00259-BLF

to these claims given their gravity, and the extraordinary remedies requested.

6.     The government is concerned about the timing of the filing of this motion, which appears to be an effort by the defense to raise issues on the eve of trial based on information which it has long had in its possession.  As acknowledged by the defense, the grand jury transcripts relevant to this motion were provided to the defendant over seven weeks ago, on October 15, 2019.  While claiming the exercise of due diligence in investigating these matters, counsel deliberately failed to bring this matter raising such "grave concerns" to the attention of Court and government counsel at the October 17, 2019 status (neé motion) hearing, or any time in the following seven weeks.  The government was unaware of any concerns in this regard until the filing of the instant motion for leave after midnight on December 7, 2019.

7.     It should also be noted, for timing purposes, that the testimony of Special Agent Englebertson in the grand jury was presented solely as a summary of information the government received from an interview with forensic auditor, Daniel Garrie, which occurred on August 1, 2017.  The ten-page Report of Investigation of that Garrie interview, dated August 21, 2017, authored by Special Agent Englebertson, was produced to all defendants in the original production of Rule 16 materials on August 21, 2018, and contains substantively *identical* information to the grand jury testimony which the defendant now asserts to be false.  It strains credulity to believe that defense counsel needed substantial time "to consider and investigate the factual issues raised by the testimony in question" only after receiving the grand jury testimony when the facts conveyed to the government and, in turn, presented in that testimony were in front of counsel for over a year prior.

8.     The government further notes, and in contravention of the asserted promptness of defendant's actions, that the defense has previously exhibited their capacity to move expeditiously to bring other matters it deemed "urgent" to the Court in the filing of their [joint with co-defendant Rosario] Motion to Enforce the Stipulation, where the defendants (now, ironically) accused the government of "gamesmanship."  [*See* Docket Nos. 122 and 128.]  With this instant delayed motion, the defendant again puts the Court in the position of having to quickly evaluate and rule on a significant issue while also evaluating the expected pre-trial filings that are being filed in due course and in keeping with the schedule the Court had set previously.  The defendant's delay, to which the defense only gives

the most cursory explanation, is unwarranted, disrespects the Court's time, and seems designed to intentionally deprive the government of a fair opportunity to respond to serious issues and/or interrupt the government's preparation of other pre-trial filings and efforts.

9. In sum, the government respectfully requests that the Court deny the defendant's motion as untimely filed, and without any showing of good cause for the delay of almost two months beyond the deadline set by the Court for dispositive motions. *See* FED. R. CRIM. P. 12(b)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause."); *see also United States v. Guerrero,* 921 F.3d 895, 897 (9th Cir. 2019); *United States v. Tekle*, 329 F.3d 1108, 1113 (9th Cir. 2003) ("The decision whether to grant an exception to a Rule 12 waiver lies in the discretion of the district court.").

10. Should the Court be inclined to grant defendant leave to file the motion, however, it should not be heard at the Final Pretrial Conference on December 20, 2019, as it is not properly noticed for that date, and the parties have each filed motions *in limine* which are properly to be heard and considered by the Court at that time. In that instance, the government respectfully requests that the Court issue an Order setting a hearing on the defendant's proposed motion to dismiss for a date between the Court's return from its scheduled end-of-the-year unavailability and the commencement of trial – the government suggests either January 10 or January 17, 2020. The government further requests, once the motion is filed, that the government be permitted to file its response to such a motion on or about December 27, 2019, with any reply from the defendant due on January 3, 2021.

11. In the alternative, the government is prepared to discuss scheduling matters related to these issues at the Court's request and convenience.

DATED: December 10, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/   Amie D. Rooney*
_____
AMIE D. ROONEY
SUSAN F. KNIGHT
Assistant United States Attorneys