UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KATHERINE MOGAL,<br>Defendant. | Case No. 18-cr-00259-BLF-1<br><br>**ORDER RE: MOTIONS *IN LIMINE***<br>[Re: ECF 133, 134, 135, 136, 138, 139, 140, 141, 142] |

On June 14, 2018, Defendant Katherine Mogal was jointly charged in a single indictment with possession of stolen trade secrets, in violation of 18 U.S.C. § 1832(a)(3). *See* Indictment, ECF 1. Mogal was charged in Counts One, Two, Ten, Eleven, Twelve, and Thirteen. Indictment, at 7-8. The Court held a Final Pretrial Conference on December 20, 2019, at which time it issued oral rulings on the parties' motions *in limine*. The Court's rulings on the parties' motions *in limine* are summarized as follows:

- Government's Motion *in Limine* No. 1: DENIED
- Government's Motion *in Limine* No. 2: DEFERRED
- Government's Motion *in Limine* No. 3: GRANTED
- Government's Motion *in Limine* No. 4: GRANTED
- Defendant's Motion *in Limine* No. 1: DENIED
- Defendant's Motion *in Limine* No. 2: GRANTED
- Defendant's Motion *in Limine* No. 3: GRANTED IN PART and DEFERRED IN PART
- Defendant's Motion *in Limine* No. 4: GRANTED IN PART and DEFERRED IN PART
- Defendant's Motion *in Limine* No. 5: GRANTED

## I. GOVERNMENT'S MOTIONS *IN LIMINE*

### A. Government's Motion *in Limine* No. 1 to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)

In its first motion *in limine*, the Government moves pursuant to Federal Rule of Evidence 404(b) to introduce evidence stored in Mogal's CrashPlan and Dropbox accounts. ECF 133. Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[T]he district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (internal quotation marks omitted). "[W]hen offered to prove knowledge, the prior act need not be similar to the charged act as long as the prior act was one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." *Id.* (alterations and internal quotation marks). A district court should decline to admit the proffered evidence under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (internal quotation marks omitted).

In its first motion *in limine*, the Government seeks to introduce (1) previously identified documents related to the charged trade secrets found by forensic expert Daniel Garrie and HSI Special Agent Thomas West in Mogal's CrashPlan account, *see* ECF 102; (2) testimony regarding additional documents that "closely match" the charged trade secrets alleged in Counts One and Twelve that were stored in Mogal's Dropbox account; (3) testimony regarding four PowerPoint presentations stored in Mogal's CrashPlan account that "completely or closely match" the trade secrets alleged in Count One; (4) testimony regarding a PowerPoint presentation entitled "Katy Mogal Presentation for Salesforce 3-11 FINAL.pptx" stored in Mogal's Dropbox account that "matches" Mogal's presentation entitled "Katy Mogal Presentation for Fitbit 3-2 FINAL.pptx," which is similar to the trade secret alleged in Count One; and (5) testimony regarding a

PowerPoint presentation entitled "Katy Mogal Presentation for Fitbit 3-2 FINAL.pptx" stored in Mogal's Dropbox account that is related to the trade secret alleged in Count One. ECF 133, at 2.

At the hearing and in their opposition to Mogal's fifth motion *in limine*, the Government limited the scope of its first motion *in limine* and now only seeks to introduce testimony from Mr. Garrie regarding two documents found in Mogal's Dropbox account: (1) a PowerPoint presentation entitled "Katy Mogal Presentation for Salesforce 3-11 FINAL.pptx"; and (2) a PowerPoint presentation entitled "Katy Mogal Presentation for Fitbit 3-2 FINAL.pptx" (the "Challenged Evidence"). ECF 171, at 2-3.

The Government argues that the evidence is material because the documents are relevant and "highly probative of [Mogal's] motive, opportunity, intent, knowledge, and absence of mistake," ECF 171, at 3, and the testimony will rebut any claim by Mogal that she did not know the documents were in her CrashPlan or Dropbox accounts and demonstrate her motive to possess and use the documents to financially enrich herself, ECF 133, at 4. Furthermore, the Government argues that the evidence is not too remote in time, the evidence is sufficient because Mr. Garrie will testify about how the documents were obtained, and the testimony is similar to the offense charged because the documents are "more than a 90 percent match" to the charged trade secrets. ECF 133, at 4-5. Lastly, the Government argues that Rule 403 balancing favors admission because the evidence is highly probative of Mogal's intent and probative of her knowledge, intent, preparation, plan, and absence of mistake. ECF 133, at 5.

Mogal opposes, arguing that that the Challenged Evidence (1) violates the parties' August 22, 2019 stipulation (the "Stipulation), Decl. of Randy Luskey ("Luskey Decl."), Ex. 23 ("Stip."), ECF 143-23; (2) should be excluded by Rule 404(b); and (3) should be excluded by Rule 403. ECF 154, at 4-5. Specifically, Mogal argues that the Stipulation identified the documents constituting each trade secret she is alleged to have possessed. ECF 154, at 3; *see* Stip. ¶ 1. For five of the trade secrets, the Government "reserve[d] its right to rely on, for purposes of Federal Rule of Evidence 404(b), certain additional documents reflecting [the] Trade Secret . . . allegedly possessed by Ms. Mogal." Stip. ¶¶ 1-4, 6. The Stipulation then listed the additional documents the Government may seek to introduce at trial. Stip. ¶¶ 1-4, 6 ("The complete list of additional

documents reflecting [the] Trade Secret . . . (in whole or in part) that the government may seek to introduce at trial . . . ."). Mogal argues that the Government cannot circumvent the Stipulation by offering testimony regarding 140 new documents that were not identified in the Stipulation. ECF 154, at 4.

Second, Mogal argues that the evidence must be excluded under Rule 404(b) as it is not evidence of motive, opportunity, intent, knowledge, or absence of mistake because documents, including attachments to emails, that were reviewed or stored on Mogal's Jawbone computer were automatically synced to her CrashPlan account. ECF 154, at 4-5. Because these emails and documents were automatically synced to her account "without Ms. Mogal being prompted or having to take any action," Mogal argues that the Challenged Evidence "does not provide evidence of anything, must less motive, opportunity, or intent to illegally possess the alleged trade secrets." ECF 154, at 5.

Lastly, Mogal argues that the Challenged Evidence should be excluded under Rule 403 because the Challenge Evidence's minimal probative value is "substantially outweighed by the danger of needless presentation of cumulative evidence, undue delay, wasting time[,] and confusing the issues." ECF 154, at 5.

While Mr. Garrie's testimony about the two PowerPoint presentations may be admissible under Rule 404(b), the Court agrees with Mogal that the Government may not introduce Mr. Garrie's testimony as to the two PowerPoint presentations in Mogal's Dropbox account. Because of the Stipulation, the documents themselves cannot be introduced and it is not an appropriate subject of expert testimony for Mr. Garrie to opine as to whether the two PowerPoint presentations match the alleged trade secrets. A jury would be fully capable of comparing two documents to determine similarity. Further, the Court agrees with Mogal that the proposed expert testimony is nothing more than an attempted runaround the Stipulation. Accordingly, the Government's first motion *in limine* is DENIED. If the Government determines that there is another way to introduce Mr. Garrie's testimony as to the two Dropbox presentations, that would not violate the Stiplation, it shall provide notice that it intends to introduce such testimony **on or before January 7, 2020.**

4

### B. Government's Motion *in Limine* No. 2 to Preclude Defendant From Admitting Self-Serving Hearsay

In its second motion *in limine*, the Government moves to preclude Mogal from admitting into evidence self-serving hearsay in violation of Federal Rules of Evidence 401, 801(d)(1)(B), 801(d)(2), and 802. ECF 134.

"Hearsay is not admissible." Fed. R. Evid. 802. An opposing party's statement, however, is not hearsay if "[t]he statement is offered against an opposing party and . . . was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). Moreover, a declarant-witness's prior statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony and is offered . . . to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i). Finally, "[r]elevant evidence is admissible" unless otherwise provided, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if . . . it has a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Mogal previously participated in civil litigation related to the same series of events at issue in this case, and, because of a November 15, 2019 letter, the Government anticipates "that defense counsel may argue or suggest through examination of witnesses that [Mogal] did not know or remember that she had on-going access to the documents in her Crashplan and/or Dropbox." ECF 134, at 2. That is, the Government anticipates that Mogal may "introduce testimony of her own statements in the International Trade Commission action" to corroborate expert analysis "to argue that she did not have the requisite intent to commit any of the charged trade secret crimes." ECF 134, at 2. The Government argues that these statements are inadmissible hearsay because the statements are not being used against Mogal and presenting the statements through other witnesses without Mogal taking the stand is forbidden by the hearsay rule. ECF 134, at 2-3 (citing *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988)). Next, the Government argues that Mogal's prior consistent statements cannot be admitted under Rule 801(d)(1)(B) unless she takes the stand because it cannot be introduced through expert analysis. ECF 134, at 3. Lastly, the

Government argues that the evidence is irrelevant, and therefore inadmissible, because the fact that Mogal testified to something in prior litigation "has no tendency to make the existence of the fact that is of consequence[] to the charges more or less probable." ECF 134, at 3.

Mogal opposes, arguing that the Government's motion should be denied as overbroad and certain portions of Mogal's prior statements may be admissible by the defense at trial. First, Mogal argues that some of her prior statements may be admissible under Rule 106, the Rule of Completeness, if the Government introduces a portion of Mogal's prior statements. ECF 155, at 1-2; *see* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."). Mogal submits that the Government should provide Mogal with designations of specific prior statements that it seeks to introduce, and Mogal will provide a list of counter-designations under the Rule of Completeness. ECF 155, at 2.

Second, Mogal argues that even if her statements are excluded by Rule 801(d)(2), they may be admissible for non-hearsay purposes. ECF 155, at 3-4. For example, Mogal argues that her prior statements may be admissible for purposes other than the truth of the matter asserted or to show her state of mind, which will be a central issue at trial. ECF 155, at 3-4. Mogal, moreover, argues that the Government's motion is inappropriate and the Court should instead make its evidentiary rulings in the context of particular documents when those documents are before the Court and the issue is ripe. ECF 155, at 4-5. Lastly, Mogal argues that her prior statements may be admissible under an exception to the hearsay rule. ECF 155, at 5. For example, the statements could be admissible as prior statements by a declarant witness if Mogal chooses to testify, *see* Fed. R. Evid. 801(d)(1), as a record recollection, *see* Fed. R. Evid. 803(5), or as business records, *see* Fed. R. Evid. 803(6).

At the hearing, the Government clarified that it does not intend to admit any out-of-court statements by Mogal. The parties therefore agreed that the Rule of Completeness is not applicable at this time. The Court agrees. If the Government intends to introduce a prior recorded statement, the Government shall disclose the statement to Mogal, and Mogal shall propose other portions of

6

the prior recorded statement that should be admitted. With regard to whether any exceptions to the hearsay rule apply, the Court agrees that it is inappropriate to make any such evidentiary rulings at this time. Accordingly, the Court DEFERS ruling on the Government's second motion *in limine* to preclude Mogal from admitting self-serving hearsay.

### C. Government's Motion *in Limine* No. 3 to Exclude Certain Evidence and Argument by Defendant as Improper

In its third motion *in limine*, the Government argues that certain evidence and argument should be precluded under Federal Rules of Evidence 401, 402, and 403 because the evidence and argument are irrelevant, overly prejudicial, or otherwise improper. ECF 135. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Relevant evidence is admissible," Fed. R. Evid. 402, but "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403. "[U]nfair prejudice means undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting Advisory Committee Notes to Fed. R. Evid. 403).

First, the Government seeks to exclude comments on civil litigation with Jawbone. That is, any argument or suggestion that "(1) the indictment against the defendant came only after a 'failure' of litigation in one or more civil matters; (2) that the matter was sufficiently (or better) handled as a civil matter, and/or (3) that the criminal matter was instituted to improve the victim's litigation position in the civil action." ECF 135, at 2. The Government argues that such evidence is irrelevant and highly prejudicial because "there is no link between the civil lawsuits and this prosecution" and "a civil action in this case is not abnormal in trade secrets theft cases." ECF 135, at 3. Moreover, the Government argues that this evidence will "likely confuse the jury or invite the jury to nullify a verdict supported by evidence based on sympathy for the defendant." ECF 135, at 3.

Second, the Government seeks to exclude any argument or suggestion regarding the Government's interactions or relationship with Jawbone. That is, any argument or suggestion that

7

"(1) there was improper cooperation or coordination between the government and victim; and/or (2) the government otherwise has improper motives for pursuing this prosecution." ECF 135, at 4. The Government argues that "only proper and statutorily mandated cooperation between the government and victim" took place, and any evidence to the contrary would confuse and mislead the jury. ECF 135, at 4. To the extent Mogal argues that the Government was not acting in good faith in prosecuting this case, the Government argues that this is an issue for the Court that has not yet been raised. ECF 135, at 4.

Lastly, the Government seeks to preclude references to punishment or public policy arguments such as (1) any reference by Mogal to a potential sentence, and (2) any argument or introduction of evidence "about whether the victim company was attempting to impermissibly restrict competition or prevent the free movement of an employee under state or federal law. ECF 135, at 5. The Government argues that such evidence is irrelevant and prejudicial and that "a federal criminal trial is not a forum for a policy debate." ECF 135, at 5 (brackets omitted) (quoting *United States v. Duval*, 865 F. Supp. 2d 803, 806 (E.D. Mich. 2012)).

Mogal agrees with aspects of the Government's motion, and "[d]efense counsel has no intention of (1) arguing to the jury that Jawbone's prior civil lawsuits against Ms. Mogal . . . were the more appropriate forum for evaluating her conduct and should preclude a criminal conviction; or (2) implying to the jury that the government somehow acted improperly by meeting with the alleged victim; or (3) referring to imprisonment or other forms of punishment in front of the jury." ECF 156, at 1.

Mogal, however, opposes the Government's motion to the extent that it seeks to exclude (1) evidence of Jawbone's prior civil lawsuits against Mogal; (2) evidence that Jawbone or its representatives pushed the Government to prosecute Mogal, supplied the Government with false or misleading information, or gave false or misleading testimony before the grand jury; and (3) references to the seriousness of the charges Mogal faces. ECF 156, at 1. Moreover, Mogal has no intention of making an improper jury nullification argument. ECF 156, at 2.

First, Mogal argues that if the Government is allowed to place her alleged discovery deficiencies in civil litigation as evidence of Mogal's criminal intent, then Mogal "should not be

8

. . . prevented from defending against those same allegations by introducing substantial evidence about the nature of the civil proceedings, the differences between the various cases, the nuanced discovery issues in the state court against, and the results of the litigation." ECF 156, at 2. To prevent Mogal from doing so would be unfairly prejudicial. ECF 156, at 2.

Second, Mogal argues that she can explore the fact that Jawbone representatives presented false evidence to the Government without claiming improper government motive or conduct. ECF 156, at 3. Mogal argues that the nature and scope of cooperation between the Government and its witnesses is a "fairly typical area of cross-examination." ECF 156, at 4. Mogal argues that the Government relied on evidence primarily from Jawbone in its presentation to the grand jury, and so "she is entitled to explore the extent to which the false and inaccurate evidence may have influenced the government's investigation, including the extent to which the government agent independently tested or validated the evidence in Jawbone's presentations, or explored the credibility of Jawbone's motivations." ECF 156, at 4.

Lastly, Mogal argues that excluding references to punishment should not bar the defense's ability to impress upon the jury the seriousness of their duties. ECF 156, at 5. In particular, Mogal argues that those prohibitions do not bar her from stressing the importance to the jury of their decision and as it relates to the burden of proof. ECF 156, at 5.

The Court finds that at a high level there is no disagreement between the parties and addresses each of the categories of evidence in turn.

With regard to arguments or suggestions regarding the influence that the civil litigation with Jawbone had on the Government's decision to indict Mogal or that civil litigation is a better vehicle for the claims, the Court finds that such testimony or evidence would largely be irrelevant and highly prejudicial, and therefore inadmissible. As discussed further below, however, Mogal's two-page September 25, 2015 affidavit from the civil litigation is admissible. Mogal will therefore be allowed to develop the context of this submission during cross-examination. In addition, the parties shall jointly draft a statement that the Court may use to instruct the jury about the outcome of the civil litigation so as to remove the inference that Mogal may have been found liable in the civil case. With regard to the second category of evidence – the Government's

9

interactions or relationship with Jawbone – Mogal has stated that she does not intend to argue that the Government acted improperly; she only intends to cross-examine the agents about their investigation and to attack their credibility. The Court agrees with the Government that evidence or argument the Government acted improperly would be confusing and misleading to the jury, and is therefore inadmissible. But, Mogal's cross-examination as to the investigation and the agents' credibility is relevant and admissible. *United States v. Sager*, 227 F. 3d 1138, 1145-46 (9th Cir. 2000). With regard to references to punishment or public policy, the Court agrees that such evidence is irrelevant and prejudicial; however, this does not preclude Mogal from impressing upon the jury the seriousness of their duties.

Accordingly, for the foregoing reasons, the Court GRANTS the Government's third motion *in limine* to exclude certain evidence and argument by Mogal as improper the extent limited by Mogal's opposition as outlined above.

### D.  Government's Motion *in Limine* No. 4 to Exclude Improper Evidence Relating to Co-Defendants

The Government's fourth motion *in limine* seeks to exclude certain evidence and argument that Mogal may present as irrelevant, overly prejudicial, or otherwise improper under Federal Rules of Evidence 401, 402, and 403. ECF 136. The Government anticipates that Mogal may attempt to introduce evidence concerning the conduct of her five co-defendants while they were employed at Jawbone. ECF 136, at 3. Specifically, the Government anticipates evidence concerning: "communications between the defendant and any of the five co-defendants; how they handled Jawbone's proprietary information; the circumstances in which they resigned from Jawbone to work for Fitbit; any claims that they were allowed to retain Jawbone's information after their employment terminated; and their opinions regarding the designation of Jawbone documents as propriety information." ECF 136, at 3. The Government argues that such evidence is irrelevant to whether Mogal committed the charged offenses and will result in "substantial juror confusion and significant prejudice to the government." ECF 136, at 3.

Mogal agrees that exhibits and testimony regarding the severed co-defendants is inadmissible, irrelevant, unfairly prejudicial, confusing to the jury, and a waste of time. ECF 157,

10

at 1. The Government's fourth motion *in limine* is similar to Mogal's third motion *in limine*, which seeks to exclude evidence that Fitbit recruited any Jawbone employee. ECF 140. Mogal agrees that this evidence should be excluded at trial. ECF 157, at 1. If, however, the Government is permitted to introduce evidence about the severed co-defendants, Mogal argues that she should be allowed to do the same. ECF 157, at 4-5.

Mogal does not oppose the Government's fourth motion *in limine*, and the Court agrees with both parties that evidence about Mogal's severed co-defendants is irrelevant and inadmissible. Accordingly, the Court GRANTS the Government's fourth motion *in limine* to exclude certain evidence and argument by Mogal as improper.

## II. DEFENDANT'S MOTIONS *IN LIMINE*

### A. Defendant's Motion *in Limine* No. 1 to Exclude References to Jawbone's Civil Trade Secrets Lawsuits

Mogal's first motion *in limine* seeks to exclude all evidence and argument relating to the action Jawbone brought in California Superior Court against Fitbit, Mogal, and others.[1] ECF 138. Mogal argues that the Government should not be allowed to introduce evidence or argument about "lawyer-driven discovery production decisions" related to the state court action to prove Mogal's requisite criminal intent. ECF 138, at 4. Mogal argues that the evidence is irrelevant, inadmissible, and not probative of the charges against her. ECF 138, at 4; *see* Fed. R. Evid. 401, 402. In addition, Mogal argues that her declaration related to the initial production of documents in the state court case is not probative of her intent because "she was not privy to the include-versus-withhold decisions the government now scrutinizes." ECF 138, at 4. Mogal further argues that evidence of the state court case will require a mini-trial and a privilege waiver, which will prejudice Mogal, disrupt and delay the proceedings, and cause juror confusion. ECF 138, at 5. Lastly, Mogal argues that there is a high risk that the jurors will hold Mogal responsible for the actions of her counsel. ECF 138, at 5.

The Government opposes this motion, arguing that Mogal "impermissibly attempts to

---

[1] The case is captioned *Aliphcom, Inc. d/b/a/ Jawbone v. Fitbit, Inc.*, and was filed on May 27, 2015.

11

restrict the United States' proof prior to trial." ECF 167, at 1. First, the Government argues that "the grand jury's charge was to investigate any potential allegations of criminal wrong-doing." ECF 167, at 2. Therefore, the fact that wide-ranging testimony was presented to the grand jury, or produced during discovery, does not indicate that the Government believes such testimony is relevant or admissible at trial. ECF 167, at 2-3. The Government states that it only intends to offer a two-page document, sworn under penalty of perjury by Mogal on September 25, 2015, that "she had 'personal knowledge' and had 'reviewed the Jawbone-related materials' that was 'being returned to Jawbone.'" ECF 167, at 3 (quoting Ex. A, at 2, ECF 167-1). The Government contends that a jury may receive evidence and draw inferences from these statements when evaluating Mogal's state of mind. ECF 167, at 3.

Moreover, the Government argues that Mogal has not provided any evidence of an advice-of-counsel defense to the Government. ECF 167, at 3. Furthermore, the Government argues that there will be no mini-trial because it is a legal question whether the advice-of-counsel defense may be asserted and therefore there can be no juror confusion because it is for the Court to decide. Lastly, the Government argues that the documents that were or were not returned to Jawbone between the filing of the civil complaint in the state court action in May 2015 and the filing of her declaration in September 2015 are relevant as to Mogal's intent to continue to possess the documents and store them in a personal repository in violation of company policy. ECF 167, at 4. It also is important, the Government argues, as to whether Mogal falsely signed her name on her Termination Certification and Employee Certification that she returned all documents. ECF 167, at 4; *see* Ex. B, ECF 167-2.

First, as stated above, the Court will allow the Government to introduce the September 25, 2015 affidavit, which was signed by Mogal under penalty of perjury. The Government is entitled to offer an opposing party's statement in its case in chief. Fed. R. Evid. 801(d)(2)(A). This affidavit is relevant and highly probative of Mogal's state of mind; and, while it may harm Mogal's chances of an acquittal, the affidavit is not unfairly prejudicial. The Court agrees that it will take time to introduce the affidavit and lay a proper foundation, but this will not be an undue amount or waste of time because the affidavit goes to the heart of the Government's case. Second,

12

the Court finds that the advice-of-counsel defense, to the extent Mogal seeks to put forth such a defense in the future, is not a pretrial issue as suggested by the Government. *See United States v. Bush*, 626 F.3d 527 (9th Cir. 2010) ("An advice-of-counsel instruction requires the defendant show that he made a full disclosure of all material facts to his attorney and that he then relied in good faith on the specific course of conduct recommended by the attorney." (internal quotation marks omitted)). Nor has Mogal offered such a defense.

Accordingly, for the foregoing reasons, the Court DENIES Mogal's first motion *in limine* to exclude references to Jawbone's trade secrets lawsuits; the Government, however, is limited by its representations in its opposition to Mogal's first motion *in limine* and may only introduce the September 25, 2015 affidavit. Mogal may choose to waive her attorney-client privilege to defend herself against this affidavit. The Court is not requiring such a waiver. To the extent that Mogal seeks to clarify the scope of said waiver, the Court welcomes such clarity and will enforce a properly limited waiver.

### B. Defendant's Motion *in Limine* No. 2 to Exclude Evidence Related to Other Prior Employers

In her second motion *in limine*, Mogal moves to exclude any evidence that the Government may introduce that Mogal allegedly possessed certain unspecified information on a backup device when she terminated employment with another company. ECF 139. First, Mogal argues that this evidence is irrelevant, and therefore inadmissible under Rule 402, because it does not establish a fact of consequence in this action and such evidence is "not required – or even slightly probative – in establishing any of the elements of the charged offense." ECF 139, at 3; *see* Fed. R. Evid. 401. Second, Mogal argues that the evidence should be excluded under Rule 403 because such evidence is irrelevant and has no bearing on the merits of this case. In addition, there is a risk that the evidence confuses the issues and misleads the jury, causes the jury to find Mogal guilty based on evidence that differs from the proof specific to the offense charged, and unfairly prejudices Mogal by adversely affecting the jury's attitude toward Mogal. ECF 139, at 4. Third, Mogal argues that the evidence is inadmissible under Rule 404(b) because it is "not probative of Ms. Mogal's motive or opportunity to commit the charged offense; her state of mind; or any other

13

enumerated purpose under Rule 404(b)." ECF 139, at 5. Rather, Mogal argues that this evidence would be for the improper purpose of showing that Mogal engaged in other acts of wrongdoing. ECF 139, at 5. Lastly, Mogal argues that the email communications between Mogal and her husband, which were presented to the grand jury, should be excluded because the emails are protected by the marital communications privilege. ECF 139, at 5.

The Government does not oppose this motion. ECF 168. The Court agrees that such evidence is irrelevant and unfairly prejudicial. Accordingly, the Court GRANTS Mogal's second motion *in limine* to exclude evidence related to other prior employers.

### C. Defendant's Motion *in Limine* No. 3 to Exclude Certain Evidence Regarding FitBit, Inc. and the Severed Defendants

In her third motion *in limine*, Mogal seeks to exclude evidence regarding Fitbit, Inc. ("Fitbit") and former Jawbone employees Ana Rosario, Patrick Narron, Patricio Romano, Rong "Audrey" Zhang, and Jing Qui "Gee" Weiden (collectively, the "Severed Defendants"). ECF 140. Specifically, Mogal seeks to exclude the following categories of evidence: that (1) "the Severed Defendants were employed by or left Jawbone's employ"; (2) "the Severed Defendants possessed Jawbone information or Jawbone trade secrets after leaving Jawbone"; (3) "the Severed Defendants were a party to otherwise involved in litigation relating to Jawbone's trade secrets," including the state court action and *In re Certain Activity Tracking Devices, Systems, and Components Thereof*, No. 337-963; (4) "Fitbit allegedly recruited Jawbone employees other than Ms. Mogal"; (5) "Fitbit was involved in any litigation regarding Jawbone's trade secrets"; and (6) "there was a common plan, scheme or conspiracy between or amongst Ms. Mogal, the Severed Defendants, and/or Fitbit." ECF 140, at 1.

First, Mogal argues that this information is irrelevant and therefore inadmissible under Rules 401 and 402. ECF 140, at 4. Second, Mogal argues that the evidence is inadmissible under Rule 403 because it is irrelevant and "any residual probative value would be substantially outweighed by the prejudice, confusion, and waste of time if it were introduced." ECF 140, at 4. Mogal argues that she will be "severely prejudiced" because the evidence creates the impression that she was involved in an uncharged common plan, scheme, or conspiracy. ECF 140, at 4.

14

Additionally, Mogal argues that the evidence will lead to confusion because the jury will have difficulty determining which evidence is related to Mogal. ECF 140, at 5.

The Government does not object to granting Mogal's third motion *in limine* as to categories one, two, three, and six. ECF 169, at 2-3. The Government, however, opposes the exclusion of evidence in category four because Mogal has offered a jury instruction – which the Government opposes – regarding the free movement of individuals to address Mogal's concern that the jury might think it is improper for Mogal to move to a direct competitor. ECF 169, at 3. The Government argues that the targeted recruitment efforts of Fitbit may therefore become more relevant and probative under Rules 401, 402, and 403. ECF 169, at 3. The Government reserves the right to rebut the jury instruction with this evidence.

In addition, the Government opposes the exclusion of evidence in category five. ECF 169, at 3. While the Government agrees that detailed references to the civil litigation should be excluded, the Government argues that the "simple fact of the civil litigation is . . . part of the story of how Jawbone communicated to this defendant that she was not permitted to retain Jawbone proprietary material." ECF 169, at 3. In particular, the Government intends to offer into evidence an affidavit signed by Mogal on September 25, 2015, for a state court action, which the forensics auditor in that case found to be false. ECF 169, at 3-4. Accordingly, the Government "requests the ability to reserve potential testimony or argument associating Fitbit with this document depending on what may unfold at trial." ECF 169, at 4.

The Court agrees that the evidence in the first, second, third, and sixth categories should be excluded. Such evidence is irrelevant and any probative value the evidence may have is substantially outweighed by the prejudice to Mogal, potential confusion of the jury, and waste of time. Accordingly, the Court GRANTS Mogal's third motion *in limine* as to the first, second, third, and sixth categories of evidence. With regard to the fourth and fifth categories of evidence, the Government stated at the hearing that it would not put such evidence on in its case in chief but wanted to be able to rebut or respond to any evidence put on by the defense. Because the Court needs to know the scope of any elicited testimony by the defense regarding the civil litigation in order to determine the permissible scope of the Government's rebuttal, the Court DEFERS ruling

on Mogal's third motion *in limine* as to the fourth and fifth categories of evidence. The Court will require an offer of proof by the Government before such evidence is offered.

### D.     Defendant's Motion *in Limine* No. 4 to Exclude Opinion Testimony Blaming Jawbone's Failure on the Alleged Trade Secret Misappropriation

In her fourth motion *in limine*, Mogal moves pursuant to Federal Rules of Evidence 403 and 602 to exclude allegations or evidence that Jawbone failed (1) because of the alleged theft of trade secrets with which Mogal is charged, or the collective alleged misappropriation of trade secrets by all defendants in this action; (2) because Fitbit purportedly received the allegedly misappropriated trade secrets and used them to its advantage; or (3) due to the civil litigation that ensued from the alleged misappropriations. ECF 141. Specifically, Mogal seeks to exclude testimony from former Jawbone CEO Hosain Rahman, former Chief People Officer Randall Knaflic, and others who blame Jawbone's demise on the alleged misappropriations. ECF 141.

First, Mogal argues that testimony linking the alleged theft of trade secrets by Mogal to Jawbone's failure is inadmissible speculation because Rahman does not have foundation for his statements, Rahman and Knaflic do not have personal knowledge of the purported trade secrets Mogal allegedly possessed, and there is no evidence that Jawbone would have survived absent the alleged crimes. ECF 141, at 2-3. Second, Mogal argues that testimony linking Mogal's alleged theft of trade secrets to Fitbit's competitive advantage of Jawbone is inadmissible speculation because Rahman and Knaflic cannot provide admissible testimony about Fitbit's operations or whether Fitbit benefitted from information provided by Mogal. ECF 141, at 3. Mogal argues that Rahman has no factual basis for any link other than "his speculative view that there was suspicious timing regarding certain Fitbit marketing and research efforts." ECF 141, at 3. Lastly, Mogal argues that the proffered testimony would unfairly prejudice Mogal because "Rahman referred only generally to the entire group of alleged trade secret thefts charged" and therefore his testimony "improperly rejoins" Mogal to the other defendants and Fitbit. ECF 141, at 4; *see* Fed. R. Evid. 403. Furthermore, the proffered testimony would require a mini-trial on the reasons Jawbone failed. ECF 141, at 4.

The Government opposes Mogal's fourth motion *in limine* because it is unsupported in law

or fact and impermissibly attempts to restrict the Government's order of proof prior to trial. ECF 170, at 1. First, the Government argues that the testimony of Rahman and Knaflic will be different from their testimony before the grand jury, and therefore it is inappropriate to limit their testimony at this time. ECF 170, at 2-3. Second, the Government argues that Mogal cannot prevent witnesses from discussing the effect of her actions on Jawbone because the Government is required to prove "intent to harm." ECF 170, at 3. Mogal's actions, therefore, are the heart of the Government's case and the testimony of Rahman and Knaflic is more probative than prejudicial, and they are the people most knowledgeable about the effects of Mogal's actions. ECF 170, at 3. Third, the Government states that it intends to introduce evidence that Fitbit may have received some of the allegedly misappropriated secrets through limited testimony about portions of Trade Secret A, which will be offered under Rule 404(b) to demonstrate intent and lack of mistake. ECF 170, at 4. Lastly, the Government will not ask any witness to describe the cost or toll of Jawbone's civil litigation on the company so long as Mogal does not open the "door to discussions of the civil litigations in a way in which the United States has already requested be prevented." ECF 170, at 4.

At the hearing, the Government stated that it would provide the proper foundation for any testimony and that it would limit the testimony of its witnesses to Mogal's conduct. The Government also stated that it did not intend to elicit testimony about the cost of the civil litigation.

The Court agrees with Mogal that any testimony from Rahman or Knaflic regarding Jawbone's failure that is not limited to Mogal's conduct is irrelevant and highly prejudicial; such testimony shall be limited to Mogal's conduct. Accordingly, the Court GRANTS Mogal's fourth motion *in limine* to exclude opinion testimony blaming Jawbone's failure on the alleged trade secret misappropriation to the extent that the testimony does not pertain to Mogal. The Court DEFERS ruling on Mogal's fourth motion *in limine* to the extent Mogal argues that there is no foundation for such testimony or such testimony is speculative.

17

### E. Defendant's Motion *in Limine* No. 5 to Exclude Certain Evidence Relating to Devices and Accounts Other Than Mogal's CrashPlan

Mogal's fifth motion *in limine* seeks "to exclude any testimony, documents or other evidence that reflects or suggests that the alleged trade secrets (or any part thereof) reside on any device or account other than Ms. Mogal's CrashPlan account." ECF 142. Specifically, Mogal argues that the Government has confirmed that it intends to introduce testimony and evidence that trade secrets were found in Mogal's Dropbox account. ECF 142, at 1-2. Mogal argues that this evidence should be excluded because of the Stipulation the parties entered into on August 22, 2019, which limited the trade secrets to the documents located in Mogal's CrashPlan account. ECF 142, at 1, 5. Moreover, Mogal argues that the evidence should be excluded under Rule 403. Mogal argues that she will be prejudiced because Mogal relied on the Stipulation and did not have a forensic expert examine her other accounts and devices. Therefore, Mogal argues, she will not be able to explain why the documents were found in other accounts. ECF 142, at 5. Moreover, Mogal argues she will be prejudiced because it is not likely that her non-CrashPlan accounts can be fully examined before trial. ECF 142, at 5.

The Government opposes, arguing that "[t]he express language of the Stipulation does not preclude the Government from introducing testimony from a properly noticed forensics expert regarding additional evidence found in a different repository that belonged to [Mogal]." ECF 171, at 2. The Government argues that this does not violate the spirit of the Stipulation either. ECF 171, at 2. The Government states that it only seeks to introduce the testimony of a forensics expert about two documents, and it may introduce testimony of a Dropbox custodian regarding these two documents. ECF 171, at 2-3. The Government argues that such testimony of Mogal's possession "of these documents in her personal Dropbox account is highly probative of the defendant's motive, opportunity, intent, knowledge, and absence of mistake related to the charged offenses." ECF 171, at 3. Moreover, the Government notes that Mogal has known that these documents existed for more than a year and that it is "not credible" that Mogal's expert would be unable or unwilling to amend his analysis before trial – which is over a month away. ECF 171, at 3. Lastly, the Government argue that the remedy is not exclusion but additional time. ECF 171, at 3.

As stated above, the Government may not introduce additional documents from other accounts because of the Stipulation; however, the Government will have another opportunity to try to introduce testimony through its expert witness regarding the two PowerPoint presentations in Mogal's Dropbox account. The Government is otherwise precluded from offering testimony outside of that stated in its opposition. This does not prevent the Government from providing general testimony about the existence of Mogal's Dropbox account because such testimony is not prohibited by the Stipulation. Accordingly, for the foregoing reasons, the Court GRANTS Mogal's fifth motion *in limine* to exclude certain evidence relating to devices and accounts other than Mogal's CrashPlan account.

\* \* \*

To the extent disputes arise during trial, the Court is available to address motions on the record at 8:30 A.M. each Court day before the jury arrives. Although a written motion is not required, a party choosing to file a written motion for a hearing the next morning is limited to one three-page motion due by 5:00 P.M. the preceding Court day. If a party intends to raise matters orally it shall inform the Court and the other parties on or before 5:00 P.M. of the intention to appear for a hearing at 8:30 A.M. the following Court day.

**IT IS SO ORDERED.**

Dated: January 2, 2020

/s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge

19