WALTER F. BROWN (SBN 130248)
wbrown@orrick.com
MELINDA HAAG (SBN 132612)
mhaag@orrick.com
RANDY LUSKEY (SBN 240915)
rluskey@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant KATHERINE MOGAL

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHERINE MOGAL, et. al.,<br><br>    Defendants. | Case No. cr-18-00259-BLF<br><br>**DEFENDANT KATHERINE MOGAL'S MOTION FOR RULE 17(C) SUBPOENA**<br><br>[L.R. 17-2]<br><br>Hon. Beth L. Freeman |

PLEASE TAKE NOTICE that Defendant Katherine Mogal ("Ms. Mogal") hereby does apply to this Court for an order permitting Ms. Mogal to issue a subpoena duces tecum under Rule 17(c)(1) of Federal Rules of Criminal Procedure. This Motion is made pursuant to Rules 17-2 of the Criminal Rules of the United States District Court, Northern District of California and Federal Rule of Criminal Procedure 47. As set forth in the attached Memorandum of Points and Authorities, good cause exists for this Motion.

This Motion is based upon this Motion; the supporting Memorandum of Points and Authorities attached hereto; the supporting Declaration of Melinda Haag ("Haag Decl."); and the [Proposed] Order filed herewith; and upon the record in this case, any argument the Court may permit, and any other matters that the Court deems appropriate.

DATED:  January 26, 2020                              ORRICK HERRINGTON & SUTCLIFFE LLP

By:  _____
         Melinda Haag

Attorneys for Defendant
KATHERINE MOGAL

**MEMORANDUM OF POINTS AND AUTHORITIES**

The instant Motion for a Rule 17(c) subpoena contains one narrow request for readily identifiable and admissible documents. The specific request is included in the GoDaddy Subpoena (*see* Exhibit 1 to Haag Decl.), filed concurrently herewith.

For the reasons set forth below, the requested subpoena meets the standard articulated in *United States v. Nixon* to require production prior to trial, namely: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." 418 U.S. 683, 699-700 (1974).

Ms. Mogal is charged in an indictment with Possession of Stolen Trade Secrets, in violation of Title 18, United States Code, Section 1832(a)(3). On a date unknown between March 17, 2015 and October 2015, Ms. Mogal is alleged to have possessed six trade secret documents belonging to Jawbone with the intent to use them to economically benefit someone other than Jawbone, intending or knowing the possession would harm Jawbone. On August 22, 2019, the parties entered into a joint stipulation identifying the documents allegedly reflecting the trade secrets. Dkt. 102. (Stipulation and Order Regarding Identification of Documents Allegedly Misappropriated by Katherine Mogal). The stipulation indicated that "the only document[s] Ms. Mogal is alleged to have possessed in violation of 18 U.S.C. § 1832(a)(3)" were six documents (the alleged trade secrets) all of which resided in a single location: Ms. Mogal's CrashPlan account. On January 24, 2020, the government called Code42 witness Joshua Brix, who testified regarding the CrashPlan back-up system and certain accounting records related to Ms. Mogal. Through Mr. Brix, the defense introduced Defense Exhibit 702, which Mr. Brix testified was a CrashPlan record reflecting a purchase of a CrashPlan account by a josh@ecohistorical.com on November 30, 2014 for $59.99. *See* 1/24/20 Trial Transcript, at 437-438. Mr. Brix testified that he was only able to find the record that relates to the establishment of this account, but not the record that relates to the billing on this account that

would contain other information such as the address and mode of payment. *Id*. at 438-439.

The records requested in the instant subpoena are necessary to Ms. Mogal's trial preparations. The specific billing and subscriber records and related information corresponding to the josh@ecohistorial.com account is relevant to establish that the account identified in Defense Exhibit 702 belongs to Joshua Mogal (Ms. Mogal's husband). This is relevant because Ms. Mogal will testify, if she chooses to do so, that she and her husband purchased CrashPlan accounts together in response to a catastrophic failure her husband experienced with his laptop computer. This record will corroborate Ms. Mogal's testimony.

In addition to being narrowly tailored, relevant and specific, the requested materials are admissible. The defense will seek to introduce these records through Joshua Mogal if the defense chooses to have him testify. Ms. Mogal cannot adequately prepare her defense without such production and inspection and the requested documents are not otherwise procurable.

## I.     CONCLUSION

For the foregoing reasons, Ms. Mogal respectfully requests that the Court authorize the requested subpoena duces tecum under Rule 17(c).

DATED: January 26, 2020                               Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP

By: _____
       Melinda Haag

Attorneys for Defendant
KATHERINE MOGAL